Rafael G. Nendel-Flores CA Bar No. 223358
rafael.nendelflores@ogletreedeakins.com
Mark F. Lovell CA Bar No. 246652
mark.lovell@ogletreedeakins.com
Michael E. Olsen, CA Bar No. 307358
Michael.Olsen@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Park Tower, Suite 1500
695 Town Center Drive
Costa Mesa, CA  92626
Telephone:   714.800.7900
Facsimile:   714.754.1298

Attorneys for Defendants ITT EDUCATIONAL
SERVICES, INC. (dba ITT Technical Institute) a Delaware
corporation and TRISHA MARVEL

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY MAYER BENNS, an individual;<br><br>   Plaintiff,<br><br>  v.<br><br>ITT EDUCATIONAL SERVICES, INC. (dba ITT Technical Institute) a Delaware corporation; TRISHA MARVEL (an individual); and DOES 1 through 10, inclusive,<br><br>   Defendants. | Case No. 16-cv-3298<br><br>**DEFENDANT ITT EDUCATIONAL SERVICES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 1441, AND 1446**<br><br>**[DIVERSITY JURISDICTION]**<br><br>*[Filed concurrently with Declaration of Julia Gasaway; Civil Cover Sheet; Notice of Related Cases; Corporate Disclosure Statement; and Notice of Interested Parties]*<br><br>Complaint Filed:  April 11, 2016<br>Trial Date:  None Set |

24812166_4.doc

Case No. 16-cv-3298

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF NANCY MAYER BEENS AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant ITT EDUCATIONAL SERVICES, INC. ("Defendant" or "ITT") hereby removes this action from the Superior Court of the State of California for the County of Los Angeles to the United State District Court for the Central District of California pursuant to United States Code, Title 28, sections 1332, 1441, and 1446, on the grounds that (a) there is complete diversity of citizenship between Plaintiff Nancy Mayer Benns ("Plaintiff" or "Benns"), a citizen of the State of California, and ITT, a citizen of the State of Indiana; that the individual Defendant Trisha Marvel is a sham Defendant who is disregarded for purposes of diversity; the amount in controversy exceeds $75,000; and the foregoing facts were true when Plaintiff filed the Complaint, and remain true now.

## I.   STATE COURT ACTION

1.     On or about April 11, 2016, Plaintiff Nancy Mayer Benns ("Plaintiff") filed her unverified Complaint ("Complaint") in the Superior Court of the State of California, County of Los Angeles, entitled, "Nancy Mayer Benns, an individual, vs. ITT Educational Services, Inc. (dba ITT Technical Institute) a Delaware corporation; Trisha Marvel (an individual), and DOES 1 through 10, inclusive," designated as Case No. BC616448 (the "State Court Action").  Declaration of Michael E. Olsen ("Olsen Decl."), ¶ 2.  The Complaint alleges eight causes of action: (1) "Disability Discrimination;" (2) "Failure to Provide Reasonable Accommodation;" (3) "Failure to Engage in the Interactive Process;" (4) "Failure To Take All Reasonable Steps to Prevent Discrimination;" (5) "Retaliation under FEHA;" (6) "Wrongful Termination;" (7) "Disability Harassment under FEHA;" and (8) "Failure to Make Payment Within Required Time."   A copy of the Complaint is attached hereto as **Exhibit A**.

2.    On or about April 13, 2016, Plaintiff personally served the following documents on Defendant through its registered agent for service of process: Complaint, Summons, Civil Case Cover Sheet.  True and correct copies of the following documents: Complaint, Summons, and Civil Case Cover Sheet are attached hereto as **Exhibits A-C**.

3.    On May 13, 2016, Defendant timely filed and served its Answer to Plaintiff's Complaint in the Los Angeles County Superior Court.  A true and correct copy of Defendant's Answer to Plaintiff's Complaint is attached hereto as "**Exhibit D."**  Individual defendant Trisha Marvel has not yet been served.

4.    As discussed in greater detail below, jurisdiction based on diversity of citizenship is proper because Defendant ITT Educational Services, Inc. is not a citizen of California.  Although Plaintiff also names Trisha Marvel as an individual defendant, and she is believed to be a citizen of the State of California (*see* Exhibit A, Complaint, ¶¶ 3-5), she is a "sham" defendant, such that for purposes of diversity of citizenship jurisdiction, they must be disregarded.

5.    Pursuant to 28 U.S.C. § 1446(d), Defendant will provide prompt written notice of this Notice of Removal to all adverse parties and to the Clerk of the State Court.

## II.    REMOVAL IS TIMELY

6.    A defendant in a civil action has 30 days from the date it is validly served with a summons and complaint to remove the action to federal court.  [28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.").]

24812166_4.doc

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

7.     As set forth in paragraphs 1 through 3, service of the Summons and Complaint on ITT was effective on April 13, 2016. Because Defendant filed this removal within 30 days of service of the Summons and Complaint, removal is timely.

## III.   REMOVAL IS PROPER BASED ON DIVERSITY OF CITIZENSHIP

8.     This court has original jurisdiction of this action under 28 U.S.C. Section 1332(a)(1).   As set forth below, this action is removable pursuant to 28 U.S.C. section 1441(a) as the amount in controversy is in excess of $75,000, exclusive of interest and costs, and is between citizens of different states.

### A.     Plaintiff Is A Citizen Of California

9.     Plaintiff is and, at all times since the commencement of this action has been, a resident and citizen of the State of California.  *See* Exhibit A, Complaint, ¶ 1. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intent to remain indefinitely.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Residence is *prima facie* evidence of domicile.  *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

10.    The Complaint alleges that Plaintiff currently is and "at all relevant times" has been a resident of the State of California.  *See* Exhibit A, Complaint, ¶ 1. Moreover, Plainitff submitted both a resume and employment application to ITT indicating that she was worked and resided in the State of California since at least 1987.  *See* Declaration of Julia Gasaway. ("Gasaway Decl."), Ex. A & B. Plaintiff, therefore, is, and at all times since the commencement of this action has been, a resident and citizen of the State of California.

### B.     ITT Educational Services, Inc. Is Not A Citizen of California

11.    Defendant is now and was at the time of the filing of this action, a citizen of a State other than California within the meaning of 28 U.S.C. section

1332(c)(1). For diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

12.    The United States Supreme Court, in *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010), held that a corporate entity's "principal place of business" for determining its citizenship is its "nerve center":

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." And in practice it should normally be the place where the corporation maintains its headquarters -- provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center." *Id*. at 92-93.

13.    Defendant, at the time this action was commenced, was and still is a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the State of Indiana, and was not and is not incorporated under the laws of the State of California, wherein this action was brought. *See* Declaration of Julia Gasaway. ("Gasaway Decl."), ¶¶ 8-9.

14.    Pursuant to *Hertz*, Defendant's principal place of business is in Indiana because its "nerve center" is located in the State of Indiana. Specifically, Defendant's headquarters, and its executive and senior management personnel, as well as its primary management operations, are located at 1300 N. Meridian St., Carmel, Indiana 46032. Gasaway Decl., ¶ 9. Defendant's Chief Executive Officer, Chairman of the Board, President, General Counsel, Chief Financial Officer, highest ranking human resources employee, and highest ranking marketing employee are all located in Cleveland, Ohio. Gasaway Decl., ¶ 9. Accordingly, Defendant is not a citizen of the State of California. Rather, Defendant is a citizen of the State of Indiana pursuant to the "nerve center" test and and a cirizen of the State of Delaware based on its incorporation therein.

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

**C.** **Because Individual Defendant Trisha Marvel Is A Sham Defendant, Her Citizenship Should Be Disregarded For Determining Diversity**

15. The citizenship of Defendant Trisha Marvel (hereinafter, "Individual Defendant" or "Marvel") must be disregarded for purposes of diversity because she is a "sham" defendant, i.e., she cannot be found liable as a matter of law. See, e.g., *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

16. It is well-settled that a party cannot attempt to defeat diversity of citizenship jurisdiction by adding "sham" defendants. See, e.g., *Morris*, 236 F.3d at 1067; *Dodson v. Spillada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992); *TPS Utilicom Serv., Inc. v. AT & T Corp.*, 223 F. Supp. 2d 1089, 1100-1101 (C.D. Cal. 2002) (same).

17. Joinder of a defendant is a "sham" and is fraudulent if the defendant cannot be liable to the plaintiff on any theory alleged in the complaint. See, e.g., *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

18. When determining whether a defendant is fraudulently joined, "[t]he court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Lewis v. Time Inc.*, 83 F.R.D. 455, 460 (E.D. Cal. 1979) ("[I]t is well settled that upon allegations of fraudulent joinder . . . federal courts may look beyond the pleadings to determine if the joinder ... is a sham or fraudulent device to prevent removal."); *McCabe*, 811 F.2d at 1339 (a defendant "is entitled to present the facts showing the joinder to be fraudulent.").

19. If the facts reveal that joinder is fraudulent, the defendant may be dismissed from the action pursuant to Rule 21 of the Federal Rules of Civil Procedure, which provides that "[p]arties may be dropped or added by order of the court on motion of any party ... at any stage of the action and on such terms as are just." *Gasnik v. State Farm Ins. Co.*, 825 F. Supp. 245, 248-249 (E.D. Cal. 1992).

20.    Plaintiff's Complaint arises from an employment dispute with her former employer, ITT.  However, Plaintiff also asserts a claim against individual defendant Marvel for "Disability Harassment under FEHA."  *See* Exhibit A, Complaint, ¶¶ 60-65.  Yet in support of the harassment claim, Plaintiff alleges no actionable conduct by Marvel.

21.    The following are the only specific, factual allegations regarding Marvel's conduct in the entire Complaint:

a.  "Marvel trivialize[ed] Plaintiff's serious medical issues/disabilities."  Exhibit A, Complaint, ¶ 62.

b.  Marvel "refus[ed] to properly administer [Plaintiff's] leave of absence request."  *Id*.

c.  Marvel made "improper and unreasonable demands from" Plaintiff.  *Id*.

d.  Marvel terminated Plaintiff's employment. *Id*.

22.    Plaintiff also makes the following conclusory and boilerplate allegations against all defendants:    "Plaintiff was subject to severe and pervasive harassment because she was disabled and had a medical condition as defined under the FEHA." *Id*.

23.    Individual Defendant Marvel cannot be held liable for harassment as alleged against her in the Complaint, as a matter of law, because: (1) her alleged conduct does rise to the level of unlawful harassment; and (2) Plaintiff's harassment claim is solely based on non-actionable personnel decisions.

**1.    The Individual Defendant Is A "Sham" Defendant Because Her Alleged Conduct Is Not Severe Or Pervasive Conduct That Can Constitute A Harassment Claim**

24.    Plaintiff's Seventh Cause of Action for "Disability Harassment Under FEHA" against the Individual Defendant, Trisha Marvel, is without merit.  The allegations related to Marvel do not set forth a harassment claim.  A plaintiff

claiming harassment based upon a "hostile work environment" theory must show that the harassing conduct was "severe enough or sufficiently pervasive to alter the conditions of employment and create a work environment that qualifies as hostile or abusive to employees because of their [protected characteristic]." *Hughes v. Pair*, 46 Cal.4th 1035, 1043 (2009). It must be distinguishable from "the ordinary tribulations of the workplace..." *Etter v. Veriflo Corp.*, 67 Cal.App.4th 457, 464 (1998).

25. Here, there are simply <u>no allegations of harassing conduct</u>. Marvel is alleged to have "trivialized" Plaintiff's serious medical issues by improperly administering her leave of absence, and making improper and unreasonable demands – ostensibly, requiring her return to work – and terminating her employment. These alleged actions, in addition to the boilerplate allegation that she was "subject to severe and pervasive harassment" are the only allegations against Marvel. The alleged conduct simply does not rise to the level of harassment under the California Fair Employment and Housing Act. In fact, it does not even constitute "harassment" in the lay sense of the word. In Plaintiff's entire Complaint, there is not a single allegation of any conduct that could support a claim for harassment based on Plaintiff's disability. Because Plaintiff has failed to plead a viable claim against Marvel, her joinder is fraudulent. *Hamilton Mat. Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) ("If plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to settled rules of the state, the joinder of the resident defendant is fraudulent.").

**2.** **The Individual Defendant Is A "Sham" Defendant Because The Harassment Claim Against Her Is Based Solely On Non-Actionable Personnel Decisions**

26. Plaintiff's Seventh Cause of Action for "Disability Harassment" against Marvel is also without merit because, at most, her decision to terminate Marvel or her alleged improper administration of her leave of absence are non-actionable personnel decisions. Under the FEHA, "harassment" in the workplace takes the

form of "discriminatory intimidation, ridicule, and insult" that is "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Kelly-Zurian v. Wohl Shoe Co.*, 22 Cal.App.4th 397, 409 (1994) (quoting *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993)); accord *Nazir v. United Airlines, Inc.*, 178 Cal.App.4th 243, 263-64 (2009). Moreover, harassing conduct takes place "outside the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives." *Reno v. Baird*, 18 Cal.4th 640, 646 (1998). "Thus, harassment focuses on situations in which the social environment of the workplace becomes intolerable because the harassment (whether verbal, physical, or visual) communicates an offensive message to the harassed employee." *Roby v. McKesson Corp.*, 47 Cal.4th 686, 707 (2009).

27. As explained by the California Supreme Court in *Reno*, personnel-related decisions involving discipline, performance evaluations, compensation, or job assignments cannot constitute unlawful harassment. *Id*. at 646. This is because personnel-related decisions are a normal part of an employment relationship that cannot be avoided. On the other hand, conduct that constitutes harassment is avoidable because it is not a necessary part of the employment relationship. *Id*. In the language of the Court:

> Making a personnel decision is conduct of a type fundamentally different from the type of conduct that constitutes harassment. Harassment claims are based on a type of conduct that is avoidable and unnecessary to job performance. No supervisory employee needs to use slurs or derogatory drawings, to physically interfere with freedom of movement, to engage in unwanted sexual advances, etc., in order to carry out legitimate objectives of personnel management. We conclude, therefore, that the Legislature intended that commonly necessary personnel management actions such as hiring and firing, job or project assignments, office or work station assignments, promotion or demotion, performance evaluations, the provision of support, the assignment or nonassignment of supervisory functions, deciding who will and who will not attend meetings, deciding who will be laid off, and the like, do not come within the meaning or harassment. These actions are of a type necessary to carry out the

24812166_4.doc

Case No. 16-cv-3298

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

duties of business and personnel management. *Id*. at 646-47.

As the Court concluded, an employee may pursue a claim for discrimination against his employer based on such conduct, but cannot pursue a claim for harassment:

> These actions [including project assignments, promotion or demotion, performance evaluations, or compensation decisions] may retrospectively be found discriminatory if based on improper motives, but in that event the remedies provided by the FEHA are those for discrimination, not harassment. Harassment, by contrast, consists of actions outside the scope of job duties which are not of a type necessary to business and personnel management. This significant distinction underlies the differential treatment of harassment and discrimination in the FEHA. *Id*. at 647 (quoting *Janken v. GM Hughes Elecs.*, 46 Cal.App.4th 55, 63-65 (1996)).

28.    Plaintiff alleges that she was harassed based on her disability. Exhibit A, Complaint, ¶¶ 60-65. However, none of the conduct alleged against Marvel, even if true, constitutes harassment. Instead, the alleged conduct constitutes non-actionable personnel mangement activity. The only specific conduct Plaintiff alleges against Marvel is that she improperly administered Plaintiff's leave of absence, trvialized her medical condition, and terminated Plaintiff. Exhibit A, Complaint, ¶ 62. These allegations constitute personnel-related decisions, which are part of the normal course of employment, as opposed to harassment.

29.    Indeed, these allegations are precisely the types of allegations that the California Supreme Court in *Reno* held did not amount to actionable harassment because the plaintiff alleged routine personnel-related conduct. *Reno*, 18 Cal.4th at 646-47; *Hardin v. Wal-Mart Stores, Inc.*, 2012 WL 691707 at * 18 (E.D. Cal., Mar. 2, 2012) ("Personnel management actions commonly necessary to carry out the duties of business and personnel management, and thus outside the purview of harassment, include 'hiring and firing, job or project assignments, office or work station assignments, promotion or demotion, performance evaluations, the provision of support, the assignment or nonassignment of supervisory functions' and decisions regarding meetings.").

30.    Given that Plaintiff's claims are based solely on personnel decisions, the Individual Defendant cannot be liable as a matter of law.  As the California Supreme Court held in *Reno*, only employers are liable for the personnel management actions of their supervisors:

> By the inclusion of the "agent" language the Legislature intended only to ensure that employers will be held liable if their supervisory employees take actions later found discriminatory, and that employers cannot avoid the liability by arguing that a supervisor failed to follow instructions or deviated from the employers' policy. *Id*.

Thus, the Court held that "it is 'inconceivable' that the Legislature simultaneously intended to subject individual non-employers to the burdens of litigating such claims.  To so construe the [FEHA] statute would be 'incongruous' and 'would upset the balance' struck by the Legislature."  *Id*. at 651 (citations omitted).  In *Reno*, the Court further emphasized that there is no public policy benefit associated with holding individual supervisors or managers personally liable:

> Imposing liability on individual supervisory employees would do little to enhance the ability of victims of discrimination to recover monetary damages, while it can reasonably be expected to severely impair the exercise of supervisory judgment.  The minimal potential for benefit to an alleged victim juxtaposed with the potentially severe adverse effects of imposing personal liability on individual supervisory employees is an additional reason for our conclusion that this is not result intended by the Legislature. *Id*. at 651-652 (citations omitted).

The Court then cautioned that "if every personnel manager risks losing his or her home, retirement savings, hope of children's college education, etc., whenever he or she made a personnel management decision, management of industrial enterprises and other economic organizations would be seriously affected."  *Id*. at 652-653.38. The Court in *Reno* stressed that a theory that imposed individual liability "would place a supervisory employee in direct conflict of interest with his or her employer every time that supervisory employee faced a personnel decision."  *Id*. at 653.  The

24812166_4.doc

Case No. 16-cv-3298

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

Court explained that it "would coerce the supervisory employee not to make the optimum lawful decision for the employer. Instead, the supervisory employee would be pressed to make whatever decision was least likely to lead to a claim of discrimination against the supervisory employee personally, or likely to lead only to that discrimination claim which could most easily be defended." *Id*. The Court concluded that:

> the employee would thus be placed in a position of choosing between loyalty to the employer's lawful interests at severe risks to his or her own interests and family, versus abandoning the employer's lawful interests and protecting his or her own personal interests. The insidious pressures of such a conflict present sobering implications for the effect of management of our industrial enterprises and other organizations of public concern. *Id*.

Thus, the Court determined that "we believe that if the Legislature intended to place all supervisory employees in California in such a conflict of interest, the Legislature would have done so . . ." *Id*.; *accord Garza v. BNSF, Co.*, 2012 WL 2118179 at *4 (E.D. Cal., June 11, 2012) ("FEHA does not allow for individual liability for discriminatory acts. Further, under Title VII, "civil liability for employment discrimination does not extend to individual agents of the employer who committed the violations, even if that agent is a supervisory employee") (citing *Pink v. Modoc Indian Health Project, Inc.*, 157 F.3d 1185, 1189 (9th Cir. 1998)); *Leland v. City & County of San Francisco*, 576 F. Supp. 2d 1079, 1088 (N.D. Cal. 2008) ("under FEHA, no individual liability attaches for claims of discrimination"); *see also Cofer v. Parker-Hannifin Corp.,* No. SACV1600596CJCAFMX, 2016 WL 2626802, at *3-*4 (C.D. Cal. May 6, 2016).

### D.    Doe Defendants May Be Disregarded

31.    Pursuant to 28 U.S.C. section 1441(b)(1), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. section 1332. *Fristoe v. Reynolds Metals, Co.*, 615 F.

2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition). Thus, the existence of Doe defendants, 1-10, does not deprive this Court of jurisdiction.

### E.    Amount In Controversy

32.    While Defendant denies any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000. See *Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 403-404 (9th Cir. 1996) ("the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount.") (internal citation omitted). As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider facts presented in the removal petition). In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees. *Gait G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); see also *Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972).

33.    Here, considered together, the general and special damages sought by Plaintiff, along with the attorneys' fees and punitive damages that might be awarded if Plaintiff prevails, establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.

34.    The claims in the complaint also establish the amount in controversy. Plaintiff's Complaint alleges discrimination, failure to provide reasonable accommodations, failure to engage in the interactive process, failure to prevent discrimination, retaliation, wrongful termination, and a waiting time penalty under California Labor Code §§ 201 and 203 for alleged failure to pay vacation upon

24812166_4.doc

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

Plaintiff's termination.  Plaintiff claims damages for general and special damages, including but not limited to substantial losses in earnings and other employment benefits, emotional distress, punitive damages, and attorneys' fees and costs.  See Exhibit A, Complaint, ¶¶ 16-18, 26-28, 36-38, 43-45, 50-52, 58-59, 63-65, 70; and Prayer for Relief, pp. 12-13.

35.    Should Plaintiff prevail at trial, it is more likely than not that she would recover over $75,000 in damages as there have been, in recent years, several verdicts in harassment and discrimination cases entered in favor of plaintiffs in California where the awarded damages exceeded $75,000.  See *Juarez v. Autozone Stores, Inc.*, 2014 WL 7017660 (S.D. Cal.) (award of $185,872,720 in discrimination and harassment case); *Zulfer v. Playboy Enterprises, Inc.*, 2014 WL 1891246 (C.D. Cal) (award of $6,000,000 in retaliation case); *Chopourian v. Catholic Healthcare West*, 2012 WL 767196 (E.D. Cal.) (award of $167,730,488 in harassment case); *Palma v. Rite Aid Corp.*, 2012 WL 3541952 (L.A. County Sup. Ct.) (award of $3,522,070 to employee who was terminated after taking medical leaves in disability discrimination action).  Plaintiff's allegations that she was harassed, discriminated against, and discharged because of her disability are similar to the issues in these cases.

36.    **Emotional Distress Damages.**  Plaintiff claims damages for emotional distress.  See Exhibit A, Complaint, ¶¶ 16, 26, 36, 43, 50, 58, 63, and Prayer for Relief, pp. 12-13.  A review of jury verdicts in California demonstrates that emotional distress awards in discrimination or retaliation cases commonly exceed $75,000.  See *Juarez v. Autozone Stores, Inc.*, 2014 WL 7017660 (S.D. Cal.) (pain and suffering award of $250,000 in discrimination and harassment case); *Chopourian v. Catholic Healthcare West*, 2012 WL 767196 (E.D. Cal.) (pain and suffering award of $33,000,000 in harassment case); *Palma v. Rite Aid Corp.*, 2012 WL 3541952 (L.A. County Sup. Ct.) (award of $3,000,000 in pain and suffering to employee who was terminated after taking medical leaves in disability

discrimination case); *Betson v. Rite Aid Corp.*, 2011 WL 3606913 (L.A. County Sup. Ct.) (pain and suffering award of $500,000 to employee in disability harassment action). Plaintiff's allegations that she was harassed, discriminated against, and retaliated against because of her disability are similar to the issues in these cases.

37. **Economic Damages.** Plaintiff claims she is entitled to lost wages and other employment benefits. See Exhibit A, Complaint, ¶¶ 16, 26, 36, 43, 50, 58, 63, and Prayer for Relief, pp. 12-13. At the time of Plaintiff's termination in December of 2015, her annual salary was $79,748.45 per year. Gasaway Decl., ¶ 6. Therefore, by the time of trial, assuming trial takes place twelve months after removal, Plaintiff's lost past wages will be approximately $86,394.15. This amount, alone, exceeds the requisite $75,000 amount in controversy and excludes any potentially-awarded lost future wages.

38. **Attorneys' Fees And Costs.** Plaintiff also claims that she is entitled to attorneys' fees and costs. See Exhibit A, Complaint, ¶¶ 33, 44, 56, 64, 74, 87, and Prayer for Relief, p. 15. Attorneys' fees are properly considered in calculating the amount-in-controversy for purposes of removal on grounds of diversity jurisdiction. *Galt G/S*, 142 F.3d at 1156 (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory). Under California Government Code section 12965(b), the court in its discretion may award fees and costs to the "prevailing party" in Fair Employment and Housing Act actions. Although the statute provides that the court "may" award fees, cases hold that a prevailing plaintiff is entitled to fees "absent circumstances that would render the award unjust." *Horsford v. Board of Trs. of Cal. State Univ.*, 132 Cal.App.4th 359, 394 (2005).

39. Courts have also awarded far in excess of $75,000 in attorneys' fees in cases involving discrimination claims. See, e.g., *Beasley v. East Coast Foods, Inc.* Case No. BC509995 (Los Angeles County Sup. Ct.) (attorney's fees award of $1,514,140 in FEHA case).

40.   **Punitive Damages**. Finally, the Court must also consider Plaintiff's request for punitive damages in determining the amount in controversy. *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law); see Exhibit A, Complaint, ¶¶ 29, 43, 54, 63, 72, 81, 86 and Prayer for Relief, p. 15.56.   A review of jury verdicts in California demonstrates that punitive damages awards in discrimination or retaliation cases commonly exceed $75,000.   See *Juarez v. Autozone Stores, Inc.*, 2014 WL 7017660 (S.D. Cal.) (punitive damages award of $185,000,000 in discrimination and harassment case); *Chopourian v. Catholic Healthcare West*, 2012 WL 767196 (E.D. Cal.) (punitive damages award of $125,000,000 in harassment case); *Roby v. McKesson Corp.*, 47 Cal. 4th 686 (2009) (holding that a punitive damage award of $1,900,000, equal to the compensatory damage award, was appropriate in disability case).   Therefore, the request for punitive damages weighs in favor of establishing the amount in controversy.

41.   Based upon the allegations contained in Plaintiffs Complaint, Defendant is informed and believes that Plaintiff seeks damages within the jurisdictional authority of this Court.   Since diversity of citizenship exists between the Plaintiff and Defendant and the matter in controversy between the parties is in excess of $75,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C. section 1332(a)(1).   This action is therefore a proper one for removal to this Court.

### IV.   <u>ALL NAMED DEFENDNATS CONSENT TO REMOVAL</u>

42.   Unnamed, or doe defendants, are not required to join in removal. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190 n.1 (9th Cir. 1988) (doe defendants need not join in removal).

43.   Further, Individual Defendant Marvel consents to the removal of this action. Accordingly, all Defendants consent to removal.

///

///

## V.    <u>VENUE</u>

44.    Venue lies in the Central District of California pursuant to 28 U.S.C. sections 1441(a), 1446(a), and 84(c).  This action originally was brought in the Superior Court of the State of California, County of Los Angeles, which is located within the Central District of the State of California, and Plaintiff resides in the County of Los Angeles, California.  *See* Exhibit A, Complaint, ¶ 1.

## VI.    <u>NOTICE OF REMOVAL</u>

45.    Pursuant to 28 U.S.C. Section 1446(d), written notice of the filing of this Notice of Removal will be given promptly to Plaintiff and, together with a copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of the State of California, County of Orange, in the State Court Action.

46.    This Notice of Removal will be served on counsel for Plaintiff.  A copy of the Proof of Service regarding the Notice of Removal will be filed shortly after these papers are filed and served.

47.    In compliance with 28 U.S.C. section 1446(a), true and correct copies of all process, pleadings, and orders filed and/or served in this action are attached hereto as **Exhibit A through D**.

## VII.  <u>PRAYER FOR REMOVAL</u>

48.    **WHEREFORE,** Defendant prays that this civil action be removed from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.

DATED:  May 13, 2016

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ Michael E. Olsen
Rafael G. Nendel-Flores
Mark F. Lovell
Michael E. Olsen
Attorneys for Defendant ITT EDUCATIONAL SERVICES, INC. (dba ITT Technical Institute) a Delaware corporation.

**PROOF OF SERVICE**
*Benns v. ITT Educational Services, Inc., et al.*
Case No. 16-cv-3298

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is Park Tower, Suite 1500, 695 Town Center Drive, Costa Mesa, CA 92626.

On May 13, 2016, I served the following document(s):

**DEFENDANT ITT EDUCATIONAL SERVICES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 1441, AND 1446**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached service list.

☒ **BY U.S. MAIL:** I placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope or package with postage fully prepaid.

☐ **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Costa Mesa, California. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐ **BY MESSENGER SERVICE:** I served the documents by placing them in an envelope or package addressed to the persons at the addresses on the attached service list and providing them to a professional messenger service for service on the same day before 5:00 p.m.

☒ **(Federal):** I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on May 13, 2016, at Costa Mesa, CA.

Diane Vo
Type or Print Name                              Signature

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

## SERVICE LIST

SHIRAZI LAW FIRM                          Attorneys for Plaintiff,
Emanuel S. Shirazi                        NANCY BENNS
1925 Century Park East, Suite 1990
Los Angeles, CA 90067
Telephone:  (310) 400-5891
Facsimile:   (310) 908-7359
Email: emanuel@shirazlawfirm.com

24812166_4.doc

18                                        Case No. 16-cv-3298

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446