UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:16-cv-03298-SVW-E | Date | July 11, 2016 |
|---|---|---|---|
| Title | *Nancy Mayer Benns v. ITT Educational Services, Inc. et al* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:** IN CHAMBERS ORDER DENYING MOTION TO REMAND [15].

On April 11, 2016, Plaintiff Nancy Benns filed this employment discrimination action in the Superior Court for Los Angeles County against Defendant ITT Educational Services ("ITT"), a Delaware corporation, and Defendant Trisha Marvel ("Marvel"), the corporation's California employee. *See* Dkt. 1-1 at 2. On May 13, 2016, Defendants removed the case to federal court. Dkt. 1. Defendants alleged that Defendant Marvel was a sham defendant, included solely for the purpose of defeating diversity jurisdiction. *See id.* at 5-6. On May 19, 2016, the parties stipulated to dismiss Defendant Marvel from the suit. *See* Dkt. 13. Presently before the Court is Plaintiff's motion to remand. Dkt. 15. For the reasons stated below, the Court DENIES the motion.

**I.  Background**

Plaintiff alleges that she was employed by ITT between March 2007 and December 15, 2015. *See* Dkt. 1-1 at 2. She alleges that ITT knew she suffered from dysphonia, a vocal-cord disorder, and that while she was on a four-month medical leave, Defendant terminated her because of her disability and in retaliation for having exercised her rights under the California Fair Employment and Housing Act (FEHA). *See id.* at 2-3. Accordingly, Plaintiff brings eight causes of action: (1) disability discrimination (Cal. Gov't Code § 12940(a)), (2) failure to provide reasonable accommodation (Cal. Gov't Code § 12940(m)), (3) failure to engage in the interactive process or prevent discrimination and retaliation in the workplace (Cal. Gov't Code § 12940(n)), (4) failure to take all reasonable steps necessary to prevent discrimination (Cal. Gov't Code § 12940(k)), (5) retaliation under FEHA (Cal. Gov't Code §§ 12940,

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:16-cv-03298-SVW-E | Date | July 11, 2016 |
|---|---|---|---|
| Title | *Nancy Mayer Benns v. ITT Educational Services, Inc. et al* | | |

-45.2), (6) wrongful termination in violation of public policy (Cal. Gov't Code § 12940), (7) disability harassment under FEHA, and (8) failure to make payment within the required time (Cal. Lab. Code § 201). *See id.* at 3-12.

Plaintiff requests general damages, special damages, attorneys' fees pursuant to Cal. Gov't Code § 12965, accrued interest, a penalty of up to thirty days' wages, exemplary and punitive damages, costs of suit, and statutory penalties. *See id.* at 12-13.

## II.  Legal Standard

Removal jurisdiction is disfavored. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). However, it is proper if the case could have been filed in federal court originally. 28 U.S.C. § 1441. One basis for subject matter jurisdiction is the parties' diversity of citizenship. 28 U.S.C. § 1332. If removed on diversity grounds, the parties must be completely diverse, and the amount in controversy must exceed $75,000. *Id.*

"[W]here a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [the threshold] . . . [and] the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *see also Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). "[T]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [the] defendant's liability." *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). Accordingly, "in assessing the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Campbell v. Vitran Express, Inc.*, 471 Fed. App'x 646, 648 (9th Cir. Mar. 8, 2012) (quoting *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)).

## III.  Discussion

The parties do not contest that complete diversity exists between Plaintiff and Defendant ITT. The parties only dispute whether the amount in controversy exceeds $75,000.

:

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-03298-SVW-E | Date | July 11, 2016 |
|---|---|---|---|
| Title | *Nancy Mayer Benns v. ITT Educational Services, Inc. et al* | | |

    As a preliminary matter, the Court rejects Defendant's argument that because "Plaintiff rejected an offer to stipulate that she was not seeking in excess of $75,000 in this matter," this "indicates she does indeed seek at least the jurisdictional minimum." Dkt. 17 at 15-16. Although one case found such an argument persuasive, *Hulihee v. Kaiser Found. Health Plan, Inc.*, 2008 WL 4290939, at *2 (D. Haw. Sept. 19, 2008), this Court does not. The burden is on the Defendant to prove that the amount in controversy is satisfied. *See Dobson v. United Airlines, Inc.*, 2002 WL 31689365, at *1 (N.D. Cal. Nov. 25, 2002) ("If the Court were to conclude that a plaintiff's refusal to stipulate is sufficient to satisfy that burden, defendants in every removal dispute would force the plaintiffs to choose between stipulating against their future remedies and remaining in federal court. The Court joins the other courts in this District in declining to force plaintiffs to make such a choice.").

    Nevertheless, Defendant has established by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold.

    First, Plaintiff seeks at least $33,225 in economic damages (i.e., lost wages), although "it is nonetheless reasonable to expect these damages to exceed" that amount. *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1032 (N.D. Cal. 2002).[1]

    Second, Plaintiff seeks "attorneys' fees pursuant to Government Code § 12965." Dkt. 1-1 at 12. "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). "It is unclear from the case law, however, what amount of attorney's fees are properly included within the amount in controversy," with some courts fixing the amount at the date of removal and others projecting the costs forward to resolution. *See Brady v.*

---

[1] Defendant argues that lost wages may include those payable between the date of either the hearing of the present motion ($46,519) or the projected time of trial, which it anticipates, rather liberally, to be March 2018 ($179,433). *See* Dkt. 17 at 4. Courts in this district are divided as to whether lost earnings subsequent to removal may be included in the amount in controversy. However, the weight of authority supports an accounting as of the day of removal. *See, e.g., Ponce v. Medical Eyeglass Center, Inc.*, 2015 WL 4554336, at *4 & n.2 (C.D. Cal. July 27, 2015) (quoting *Sasso v. Noble Utah Long Beach, LLC*, 2015 WL 898468, at *4 (C.D. Cal. Mar. 3, 2015)); *but see Garcia v. ACE Cash Express, Inc.*, 2014 WL 2468344, at *4 (C.D. Cal. May 30, 2014) (allowing a reasonable projection of earnings up to the trial date).

 

                                                                     Initials of Preparer        PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-03298-SVW-E | Date | July 11, 2016 |
|---|---|---|---|
| Title | *Nancy Mayer Benns v. ITT Educational Services, Inc. et al* | | |

*Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010 (N.D. Cal. 2002); *compare Reames v. AB Car Rental Servs., Inc.*, 899 F. Supp. 2d 1012, 1018-19 (D. Or. 2012), *with Simmons*, 209 F. Supp. 2d at 1034-35. Recent cases in this district have favored the projection line of reasoning. *See, e.g., Stainbrook v. Target Corp.*, 2016 WL 3248665, at *5-6 (C.D. Cal. June 8, 2016); *Ponce*, 2015 WL 4554336, at *3; *but see Archibold v. Time Warner Cable, Inc.*, 2015 WL 3407903, at *5 (C.D. Cal. May 27, 2015) (finding that where a defendant introduced no "figures or reasons" to establish the amount of attorneys' fees, the court would not include them).

 Here, Defendant ITT suggests its own "conservative rate of $295 per hour" as the figure for calculating fees, and asks the Court to use the formula provided by *Sasso*, a case in which a terminated employee with respiratory disease brought a similar FEHA suit. Dkt. 17 at 12; *see* 2015 WL 898468, at *1; *see also* Dkt. 17-1 at 1. In *Sasso*, the court found that "[t]his Court and others have held that a reasonable rate for employment cases is $300 per hour," and that "[r]ecent estimates for the number of hours expended through trial for employment cases in this district have ranged from 100 to 300 hours. Therefore, 100 hours is an appropriate and conservative estimate. Accordingly, attorneys' fees in this case may reasonably be expected to equal at least $30,000 (100 hours x $300 per hour)." 2015 WL 898468, at *6; *accord Stainbrook*, 2016 WL 3248665, at *6; *Aguilar v. Wells Fargo Bank, N.A.*, 2015 WL 6755199, at *7 (C.D. Cal. Nov. 4, 2015). Given the close parallels between the present case and *Sasso*, this Court, like those in *Stainbrook* and *Aguilar*, also follow *Sasso* in using 100 hours as a conservative projection of attorneys' fees within the amount in controversy. As Defendant suggests an hourly rate of $295—lower than that used by other courts—the Court calculates projected attorneys' fees of $29,500.

 Third, Plaintiff "seeks to recover waiting time penalties for the maximum statutory period of 30 days," as permitted by Cal. Lab. Code §§ 201, 203. Dkt. 17 at 5. Under California law, the thirty days are not equivalent to a month's salary; instead, "an employee's rate of pay must be calculated as a daily figure, which can then be multiplied by the number of days of nonpayment." *Mamika v. Barca*, 68 Cal. App. 4th 487, 492, 494 (1998). Plaintiff alleges her monthly salary to be $6,645. Dkt. 15 at 7. Annualized, this is $79,740. *Cf.* Dkt. 6 ¶ 6. Assuming *arguendo* a 40-hour work week without paid vacations, the daily rate is $306.69, and 30 days of statutory penalties total $9,201.

 Fourth, Plaintiff seeks damages for "emotional distress . . . and severe emotional distress," as well as "exemplary damages . . . under Civil Code § 3294." Dkt. 1-1 at 4-11. When the costs of emotional and punitive damages are unspecified, it is proper to consider awards made in similar cases. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir.

                                :
                    Initials of Preparer   PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-03298-SVW-E | Date | July 11, 2016 |
|---|---|---|---|
| Title | *Nancy Mayer Benns v. ITT Educational Services, Inc. et al* | | |

2001). "[T]he Court recognizes that emotional distress and punitive damages are more likely than not to be more than nominal." *Sasso*, 2015 WL 898468, at *6.

Defendant cites jury verdicts in a number of similar FEHA cases involving disability discrimination, with punitive damages ranging from $50,000 to more than $75,000 and emotional distress damages ranging from $30,000 to $3,500,000. *See* Dkt. 17 at 8-11. Regarding emotional dress, in *Gomez v. Magco Drilling, Inc.*, an employee of six years took one day off work due to tendonitis and was terminated on a pretext because of her disability; the jury awarded her $45,000 for pain and suffering. *See* 2015 WL 6523737. Similarly, in *Betson v. Rite Aid Corp.*, an employee suffered an injury at work and spent several months on medical leave but, following comments about her age and infirmity, was terminated shortly after her return; the jury awarded $500,000 for past and future non-economic damages. *See* 2011 WL 3606913. Regarding punitive damages, cases such as *Amigon v. Cobe Color Cosmetics*, where an employee who was terminated after two weeks on disability received $52,000 in punitive damages, are directly comparable.[2] *See* 2009 WL 7497138. Therefore, while the Court need not quantify the exact value of Plaintiff's request for emotional distress and punitive damages, it is more likely than not to be significant if Plaintiff succeeds at trial.

### IV.    Conclusion

The Court finds it more likely than not that the amount in controversy exceeds the jurisdictional threshold. Plaintiff's claimed economic damages of $33,225, attorneys' fees of $29,500, and penalty of $9,201 total $71,926. Should Plaintiff succeed at trial, it is reasonable to consider, based upon similar cases, that emotional distress and punitive damages would exceed $3,074, bringing the amount in controversy above $75,000. Accordingly, the Court DENIES Plaintiff's motion to remand.

---

[2]    Defendant also compares the present case to *Juarez v. Autozone Stores, Inc.*, where the award was $185,872,720, and *Chopourian v. Catholic Healthcare West*, where the award was $167,730,488. *See* Dkt. 1 ¶ 35. However, these cases involved more extensive records of harassment and discrimination than presently alleged, and the Court does not consider them as parallels.

Initials of Preparer    PMC